118 So.2d 876

In re Patricia Jo HIGGINS, Abandonment.

No. 44868.

March 21, 1960.

Bullock & Bullock, Shreveport, for appellant.

Horace G. Pepper, Lucas S. Conner, Jr., Baton Rouge, Edwin A. Smith, Jr. New Orleans, for appellee.

HAMITER, Justice.

In this cause the appellant, Mrs. Jo Ann Higgins, seeks to have reversed a judgment of the Juvenile Court of Caddo Parish which declared and decreed her daughter, Patricia Jo Higgins, to be an abandoned child within the meaning and purview of LRS 9:401 to 9:407.

The proceedings involving the charged abandonment, initiated and conducted by the Louisiana Department of Public Welfare, were carried on contradictorily in

the Juvenile Court with the child's parents, both non-residents of this state, through a curator ad hoc appointed to represent them. At the conclusion of the hearing the aforementioned judgment was rendered. And in support thereof the judge stated, in part (and in writing), as follows: "The only testimony transcribed is that which appears in this record transcribed from a recording made on July 28, 1959, when this cause was called for hearing in Chambers. The only other testimony taken at the hearing was that of Mrs. Leola B. Hipple and Mrs. Gretchen Cullins, representatives of the State Department of Public Welfare, upon whose petition this action was brought. The testimony of these ladies consisted of a review of the facts which are covered by allegations in the petition of abandonment. The allegations of the petition were proven."

Following rendition of the judgment the mother employed her present counsel who obtained and perfected the instant appeal. No appeal was taken on behalf of the father.

Here, appellant complains of the judge's conclusion that the welfare department had established facts sufficient to show that her daughter was an abandoned child. Although our appellate jurisdiction in child custody cases arising in juvenile courts extends to questions of fact (Article 7, Section 52 of the Louisiana Constitution), we are presently unable to pass upon such complaint in view of the condition of the record before us which contains only the testimony of appellant's mother, Mrs. W. H. Farmer. As indicated by the above quoted statement of the juvenile judge the abandonment judgment was based primarily on the testimony of Mrs. Hipple and Mrs. Cullins, representatives of the welfare department, and it was never transcribed. Consequently, we must and will remand the cause. Code of Practice, Article 906 is authority for our so acting.

Incidentally, during oral argument here counsel for the welfare department conceded that the absence from the record of the referred to important evidence would prevent our passing on appellant's complaint, and they agreed that under the circumstances a remand of the cause is the only just and fair action for us to take.

For the reasons assigned the judgment appealed from is annulled and set aside and the cause is remanded to the Juvenile Court of Caddo Parish for further proceedings. On the remand the judge shall hear and receive any relevant and admissible evidence offered with respect to the abandonment charged herein (in addition to that contained in the existing record); and thereafter he shall render such judgment as the evidence, the law, and the interest of justice demand. From the judgment to be rendered the right of further appeal is reserved to the litigant or litigants adversely affected.